**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 11-15904 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-04238-EMC |
| v. | |
| RAJ P. SABHLOK, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| MICHAEL C. PATTISON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, Magistrate Judge, Presiding

Argued and Submitted October 16, 2012
San Francisco, California

Before: TALLMAN, CALLAHAN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Substantial evidence supported the jury's verdict that Michael Pattison violated Section 13(b)(5) of the Exchange Act and SEC Rule 13b2-1. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008); *Watec Co., Ltd. v. Liu*, 403 F.3d 645, 651 n.5 (9th Cir. 2005). As a reviewing court we do not generally appraise the credibility of the witnesses and the weight of the evidence. *See Watec*, 403 F.3d at 651 n.5.

The jury heard sufficient evidence that Pattison regularly cherry-picked the lowest share price of each quarter to serve as the "grant date" for employee stock options, and that he submitted documents to E*Trade and auditors that failed to reflect that options had been so backdated. Pattison wrote an internal controls memo indicating that his company was not issuing stock options below fair market value. Pattison made the same representation in his signed letter to auditors, who testified that Pattison misled them with documents indicating that no compensation expense was required, even though the accounting principles his company followed required recognizing such an expense. A reasonable factfinder could have returned a verdict of liability on this evidence. *See SEC v. Todd*, 642 F.3d 1207, 1216–17 (9th Cir. 2011).

**2.** The trial court did not abuse its broad discretion when allowing several of the SEC's professional witnesses to give opinion testimony. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

Rule 701(c) of the Federal Rules of Evidence forbids only lay opinion testimony that is "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The SEC called several witnesses with personal roles in reviewing the company's finances and applicable reporting obligations for purposes other than this litigation. Insofar as these percipient witnesses simply recounted those roles, their testimony was not within the scope of Rule 702.

These witnesses also occasionally spoke about general legal and accounting principles that related to their financial review. Even assuming that the trial court committed error by not treating that testimony as governed by Rule 702, any error was harmless. *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1245 (9th Cir. 1997); *United States v. Mendoza*, 244 F.3d 1037, 1046–47 (9th Cir. 2001). Even when the district court abuses its discretion, this Court will reverse only when a "nonconstitutional error more likely than not affected the verdict." *White v. Ford Motor Co.*, 312 F.3d 998, 1006 (9th Cir. 2002), *amended by* 335 F.3d 833 (9th Cir. 2003). With notice of their identities and an opportunity to depose each lawyer

3

and accountant who testified as percipient witnesses, Pattison has not demonstrated that a Rule 702 hearing or the notice required by Rule 26(a)(2) of the Federal Rules of Civil Procedure would have *likely* altered the verdict. *Cf. Figueroa-Lopez*, 125 F.3d at 1245; *Mendoza*, 244 F.3d at 1046–47.

3.      The trial court did not commit reversible error when it admitted a redacted version of a restated Form 10-K Annual Report as a business record. *See SEC v. Jasper*, 678 F.3d 1116, 1124 (9th Cir. 2012). The district court did not need to affirmatively state that the Form 10-K satisfied the requirements of Rule 702 because, by admitting the document as a business record, the court reached an independent conclusion that the contents were trustworthy. *See Jasper*, 678 F.3d at 1124; Fed. R. Evid. 803(6).

4.      The district court did not abuse its discretion when it imposed a tier-two civil penalty. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 936 (9th Cir. 2008). Based on the jury's verdict that Pattison acted knowingly, it was within the district court's discretion to apply this penalty.

5.      Nor did the district court abuse its discretion in ordering disgorgement. The district court has broad equity powers to order disgorgement of "ill-gotten gains." *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1991 (9th Cir. 1998). We are satisfied the district court did not abuse its broad discretion by disgorging the

amount that Pattison earned from backdating stock options without accurately reporting the transaction to auditors, the very practice that led to his violations of securities laws.

**AFFIRMED.**