# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MAGGS, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JIMMY RODRIGUEZ**
**United States Army, Appellant**

ARMY 20110153

Headquarters, 25th Infantry Division and United States Division – Center
Camp Liberty, Iraq
Kwasi L. Hawks and Thomas M. Kulish, Military Judges
Colonel George R. Smawley, Staff Judge Advocate

For Appellant: Lieutenant Colonel Norman R. Zamboni, JA; Mr. Emmanuel V. Tipon, Esquire (on brief).

For Appellee: Major Robert A. Rodrigues, JA; Major Katherine S. Gowel, JA; Captain Sean P. Fitzgibbon, JA (on brief).

22 May 2013

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

MAGGS, Judge:

A military judge sitting as a special court-martial convicted appellant, contrary to his pleas, of failure to go to his appointed place of duty and wrongful use of cocaine, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge. We affirm.

## BACKGROUND

Appellant raises five assignments of error. Three of these address his conviction for cocaine use and merit discussion, but not relief. At trial, witnesses testified that during a 100% urinalysis in his unit, appellant was observed giving his urine sample; appellant signed a form verifying that he gave the sample; the sample

was hand-delivered from the site of collection to an on-post clinic; and the sample was hand-delivered to a laboratory for testing. The custodian of records at the laboratory testified that the sample was given an identifying "Laboratory Accessions Number" (LAN), that the sample identified by this LAN tested positive for a cocaine metabolite, and that two subsequent tests confirmed this result.

Appellant raises issues on appeal concerning the admission into evidence of Prosecution Exhibit (Pros. Ex.) 7 and Pros. Ex. 14. Prosecution Exhibit 7 is a machine-generated document containing numerical results from three tests done on a urine sample identified by LAN T10G0338037. Two of the tests used an immunoassay screening methodology and one of the tests used a gas chromatography/mass spectrometry methodology. Prosecution Exhibit 7 does not contain statements or opinions made by any person. The military judge admitted Pros. Ex. 7 without objection.

Prosecution Exhibit 14 is a redacted document. Prior to redaction, the document contained a computer generated listing of the social security numbers of the members in appellant's unit and stickers showing corresponding LANs for their urine samples. The stickers were added by a laboratory technician when the samples were received at the laboratory, before the samples were tested. As redacted, the document contains appellant's social security number and a sticker bearing the LAN T10G0338037. The military judge admitted Pros. Ex. 14 over appellant's objection as a business record under Military Rule of Evidence [hereinafter Mil. R. Evid.] 803(6). The technician who prepared the document did not testify.

## LAW AND DISCUSSION

### *Confrontation Clause*

In his first assignment of error, appellant contends that the admission of Pros. Ex. 7 and Pros. Ex. 14 violated his Sixth Amendment right to confront the witnesses against him. He relies on *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), and other recent decisions holding that the prosecution cannot introduce documents containing "testimonial" statements unless the accused has the opportunity to cross-examine the persons who prepared the documents. We conclude that appellant's contention lacks merit because neither Pros. Ex. 7 nor Pros. Ex. 14 contain testimonial statements.

Our superior court has very recently observed that "[t]he language used by the Supreme Court to describe whether and why a statement is testimonial is far from fixed." *United States v. Tearman*, 72 M.J. 54, 58–59 (C.A.A.F. 2013) (quoting differently phrased tests in *Williams v. Illinois*, 132 S. Ct. 2221 (2012); *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); *Davis v. Washington*, 547 U.S. 813 (2006); and *Crawford v.*

*Washington*, 541 U.S. 36, 52 (2004)).  While recognizing minor variations on the precise formulation of the definition, our superior court continues to employ the test that a "statement is testimonial if 'made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.'"  *Tearman*, 72 M.J. at 58 (quoting *United States v. Sweeney*, 70 M.J. 296, 301 (C.A.A.F. 2011) (citing *United States v. Blazier*, 68 M.J. 439, 442 (C.A.A.F. 2010))) (some internal quotation marks omitted).  We will also use this definition.  As in *Tearman*, we conclude that "under any of the various formulations of testimonial statements," *id.* at 59, the result would be the same for the documents at issue here.

Prosecution Exhibit 7 does not contain testimonial statements because it was generated by a machine.  As our superior court has concluded, "under both the Confrontation Clause and the rules of evidence, machine-generated data and printouts are not statements and thus not hearsay . . . and such data is therefore not 'testimonial.'"  *Sweeney*, 70 M.J. at 301 (citations omitted).  Appellant disputes this point, asserting that Pros. Ex. 7 is testimonial in that it contains the result of not just one but, instead, three tests on his urine sample.  Appellant's theory appears to be that once the first positive result was achieved, the laboratory technicians using the machines to perform the second and third tests must have understood that the additional data generated would be used for criminal prosecution purposes.  This contention is invalid.  Although the test for whether a "statement" is testimonial focuses on whether the statement was made for the purpose of prosecution, numerical data generated by a machine are not statements.  Their admission, therefore, does not implicate the Confrontation Clause.

Nor does Pros. Ex. 14 contain any testimonial statements.  The LAN sticker was added to Pros. Ex. 14 before the sample was tested.  The document was prepared to link the samples to persons who produced them, not for the purpose of preparing evidence for law enforcement.  It was "made under circumstances, which, taken as a whole, establish that [it was] made for an administrative rather than an evidentiary purpose."  *Tearman*, 72 M.J. at 60.  Appellant disagrees with this conclusion for two reasons.  First, appellant asserts that by adding the sticker, "the laboratory assistant was in effect making the statement, 'this social security number correctly corresponds with this LAN.'"  While this observation is correct, it merely shows that the document contains hearsay.  It does not show that the document is testimonial for the purpose of the Confrontation Clause.  Moreover, even if the document is hearsay, it is still admissible under the business records exception to the hearsay rule.  Mil. R. Evid. 803(6).  Second, appellant contends that Pros. Ex. 14 is a document that was redacted for the purpose of admission at trial.  We fail to see how the redaction makes Pros. Ex. 14 testimonial.  The redaction did not alter in any way what Pros. Ex. 14 indicates about the link between the LAN and appellant's social security number; rather, it merely protected the personal information of other soldiers in the unit.

*Chain of Custody of Urine Sample*

In his second assignment of error, appellant makes two separate but related contentions. First, appellant argues that Pros. Ex. 14 was improperly admitted as a business record because it was redacted and it is not the "routine course of business" for the laboratory to create redacted versions of the document. Appellant has cited no support for the proposition that a business record ceases to be a business record if portions of it are redacted for the purpose of trial. We observe that other courts have admitted redacted documents as business records. *See, e.g.*, *SEC v. Sabhlok*, 495 Fed. Appx. 786, 787 (9th Cir. 2012); *United States v. Strother*, 49 F.3d 869, 876 (2d Cir. 1995). We conclude that the document is still a business record even though portions were omitted or blacked out. Appellant does not contend that redaction in any way made the document misleading or inaccurate.

Second, appellant asserts that because of the redactions to Pros. Ex. 14, the government failed to present written evidence of the complete chain of custody of appellant's urine sample. We find no error. The chain of custody of the sample was proved by the testimony of several witnesses. The government did not have to prove the chain of custody through written documents. In addition, gaps in the chain of custody "normally go to the weight of the evidence rather than its admissibility." *Melendez-Diaz*, 557 U.S. at 311 n.1.

*Lay Opinion Evidence*

The records custodian at the drug testing laboratory in her testimony linked appellant's social security number to LAN T10G033807. Appellant objected that the records custodian could not testify as a lay witness about this matter because she did not have personal knowledge regarding the placement of the LAN sticker on the document. In his third assignment of error, appellant argues that the military judge abused his discretion when he overruled this objection. This argument lacks merit.

The record custodian was personally aware of how the document at issue was routinely filled out and what the sticker on the document indicated. She therefore could testify about these matters. She further could offer her opinion that, based on her review of the document, the LAN on the sticker corresponded to appellant's social security number. Military Rule of Evidence 701 authorizes lay witnesses to give opinion testimony that is rationally based on the witness's perception, is helpful to determining a fact, and is "not based [on] scientific, technological, or other specialized knowledge within the scope of [Mil. R. Evid.] 702." Pursuant to this rule, lay witnesses may provide opinions about the meaning of words, phrases, or numbers in documents with which they are familiar. *See, e.g.*, *United States v. Garcia*, 291 F.2d 127, 139 (2d Cir. 2002) (lay witness may explain coded language used by drug dealers). Here, the witness permissibly testified that the LAN

corresponded to appellant's social security number based on the placement of the sticker and her familiarity with the preparation of the form at the laboratory.

## CONCLUSION

On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and sentence are AFFIRMED.

Senior Judge KERN and Judge MARTIN concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court